UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASUMANN-ALAIN BANET,<br>Plaintiff,<br>v.<br>THE GEO GROUP, INC., et al.,<br>Defendants. | Case No. 17-02975 BLF (PR)<br>**ORDER OF TRANSER** |

Plaintiff, who is currently being held at the Moore Detention Facility in Okmulgee, Oklahoma, filed a *pro se* civil rights complaint against officials at various institutions where he has been incarcerated, including Reeves County Detention Center III in Texas, D. Ray James Correctional Facility in Georgia, Moshannon Valley Correctional Center in Pennsylvania, and Rivers Correctional Institution in North Carolina. (Compl. at 3.) Plaintiff asserts that he is entitled to file the action in this Court because this district is where he lived before his incarceration or where he intends to live after release. (*Id.*) However, none of the cases he relies on is either persuasive or binding on this Court. (*Id.*)

Rather, venue generally is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). None of these elements is present in Plaintiff's case because none of the named Defendants reside in California and none of the events giving rise to the claims occurred in California. Rather, Plaintiff's claims are based on actions that took place in four different institutions located in four different states. Accordingly, the case must be dismissed for improper venue or transferred to the proper federal court "in the interest of justice." *See* 28 U.S.C. § 1406(a)

In the interest of justice, the Court will order the matter transferred to the federal court which has jurisdiction over the first institution identified in Plaintiff's complaint, i.e., Reeves County Detention Center III in Texas. Because defendants reside in and the acts complained of occurred in Reeves County, which lies within the venue of the Pecos Division of the Western District of Texas, *see* 28 U.S.C. § 124(d)(6), venue properly lies in that district and not in this one. *See* 28 U.S.C. § 1391(b). Accordingly, this case is TRANSFERRED to the United States District Court for the Pecos Division of the Western District of Texas. *See* 28 U.S.C. § 1406(a).

The Clerk shall terminate all pending motions and transfer the entire file to the Western District of Texas.

**IT IS SO ORDERED.**
**Dated:** Sept 27, 2017

BETH LABSON FREEMAN
United States District Judge

Order of Transfer
PRO-SE\EJD\CR.17\02975Banet_transfer (TX)

2